**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHANA KARELIS GONZALEZ QUINTERO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MAHONING COUNTY JAIL,<br><br>Respondent. | ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 4:26-CV-1470-JJH<br><br>JUDGE JEFFREY J. HELMICK<br>UNITED STATES DISTRICT JUDGE<br><br>MAGISTRATE JUDGE<br>JENNIFER DOWDELL<br>ARMSTRONG<br><br>**REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

Petitioner, Johana Karelis Gonzalez Quintero ("Ms. Gonzalez Quintero") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and named the Warden of the Mahoning County Jail ("Warden") as the Respondent. (ECF No. 1). In the petition, Ms. Gonzalez Quintero alleges that her due process rights are being violated because she is being detained at the Mahoning County Jail. (*Id.*) Ms. Gonzalez Quintero also requests that this Court grant her petition for a writ of habeas corpus and order and order immediate release from ICE custody. (*Id.*) In the alternative, she requests that the Court order an individualized bond hearing before an immigration judge. Finally, she requests that the Court grant any other relief the Court deems just and proper. (*Id.*)

This matter was referred to me on July 18, 2026 under Local Rule 16.2 to prepare a report and recommendation on Ms. Gonzalez Quintero's petition. (*See* ECF non-document entry dated July 18, 2026). For the following reasons, I recommend that the Court DISMISS the petition because the Warden is not the proper Respondent. I also RECOMMEND that the Court DENY AS MOOT the Government's Motion to Show Cause (ECF No. 6).

## II. RELEVANT PROCEDURAL HISTORY

Ms. Gonzalez Quintero filed her petition on June 29, 2026. (ECF No. 1.) She then filed a Civil Cover Sheet on July 10, 2026 and styled it as a supplement to the petition. (ECF No. 2.)

This matter was referred to me on July 18, 2026. On July 20, 2026, I entered an Initial Order stating that:

> (1) Respondent shall file an Answer to the Petition within 14 days from the date of this Order and show cause why the petition should not be granted and the writ prayed for issued;
>
> (2) Petitioner shall have 14 days from the date of the filing of the Answer to reply by filing a Traverse;
>
> (3) Respondent shall have seven (7) days from the filing of the Traverse to respond by filing a Reply. Respondent should reply to the Traverse when the Traverse raises issues or arguments not addressed in the Answer. The Court shall consider Respondent's decision not to file a Reply as certification that all issues and arguments raised by Petitioner have been fully addressed.

(ECF No. 4.)

On July 27, 2026, Respondent filed a Motion for an Order Requiring Petitioner to Show Cause. ("Government's Motion to Show Cause," ECF No. 6.) Respondent's Motion to Show Cause requested that this Court enter an order requiring Ms. Gonzalez Quintero to affirmatively state under the penalty of perjury that she did in fact personally sign the Petition and did so in compliance with Rule 11 of the Federal Rules of Civil Procedure. (*Id.*) First, Respondent points out that – although Ms. Gonzalez Quintero has been detained at the Mahoning County Jail since May 30, 2026 – the U.S. Postal Service's Priority Mail tracking number reveals that the petition signed on June 22, 2026 was mailed from Hollywood, Florida on the same date. (*Id.*) And the return address on the Priority Mail is to a residence in Cleveland, Ohio. (*Id.*) Second, the Government points out that the signature on the petition differs from Ms. Gonzalez Quintero's signature on the Civil Cover Sheet that was submitted to the Court after the filing of the petition, further calling into question whether Ms. Gonzalez Quintero actually signed the petition. (*Id.*, comparing ECF No. 1 at PageID # 9 with ECF

No. 2, Civil Cover Sheet, PageID # 11, 14.)

On July 28, 2026, I issued an order directing Ms. Gonzalez Quintero to file a response to the Respondent's Motion to Show Cause on or before August 11, 2026. (Non-document order dated July 28, 2026).

On August 3, 2026, Respondent filed a Response to Petition for Writ of Habeas Corpus. (ECF No. 8.) First, Respondent points out in a footnote that there is a pending Motion to Show Cause, and that "[a]n application for a writ of habeas corpus shall be signed and verified by the person for whose relief it is intended or by someone acting in his behalf," pursuant to 28 U.S.C. § 2242. Thus, Respondent argues that "the petition is required to be signed by Petitioner or a recognized 'next friend.'" (*Id.*, PageID # 25, n.1.) Second, Respondent argues in another footnote that a writ of habeas corpus may only be issued to the person having custody of the detainee, and in the ICE habeas context that person is the Field Office Director for ICE. (*Id.*, PageID # 25, n.2.) Respondent therefore maintains that the Warden of the Mahoning County Jail is not a proper respondent. Finally, Respondent argues in the Return of Writ that Ms. Gonzalez Quintero is lawfully detained under 8 U.S.C. § 1225(b)(1), without a bond hearing, as an arriving alien placed in removal proceedings.

On August 4, 2026, Ms. Gonzalez Quintero filed a two-page response styled as a "Reply to Motion to Dismiss." (ECF No. 9.) In this filing, Ms. Gonzalez Quintero does not provide any factual response to Respondent's Motion to Show Cause. (*Id.*) Rather, she maintains that she lawfully entered the United States through the CBP One process on March 6, 2023 and has fully cooperated with immigration authorities. (*Id.*) Ms. Gonzalez Quintero further states that she has approved Temporary Protected Status (TPS) and employment authorization, reflecting prior authorization to remain and work in the United States. She also argues that although her "asylum application was denied, that decision is not final because [she] intends to timely appeal to the Board of Immigration

Appeals," so her immigration proceedings remain ongoing. (*Id.*) Finally, she states that she has strong family ties to the United States and no criminal history, and Respondent has produced no evidence that she is a danger to the community or a genuine risk of flight. (*Id.*)

Though the deadline for Ms. Gonzalez Quintero to file a Traverse was August 17, 2026, she has not filed a Traverse to date.

## III. ANALYSIS

The Warden argues he is not the proper respondent in this case. I agree.

A district court must direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243. In the immigration context, the Sixth Circuit has held that, although the warden of the facility where the alien is detained "technically has day-to-day control," the "INS District Director for the facility where the petitioner is located has power over alien habeas petitioners." *Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003) (quotations omitted). Accordingly. "a detained alien generally must designate his immediate custodian—the District Director for the district where he is being detained—as the respondent to his habeas corpus petition." *Id*.

Relying on *Roman*, several courts in this district have held that the District Director is the proper respondent and that other respondents should be dismissed. *See Martinez Hernandez v. Raycraft*, No. 3:25-CV-02591-DAR, 2026 WL 698639, at *3 (N.D. Ohio Mar. 12, 2026) (report and recommendation) (recommending dismissal of respondents other than ICE District Director); *Hu v. Raycraft*, No. 4:26-cv-113, 2026 WL 539117, at *1 n.1 (N.D. Ohio Feb. 26, 2026) (report and recommendation) (same). I similarly hold the Warden is not the proper respondent here. Moreover, Ms. Gonzalez Quintero has not named the District Director or anyone else other than the Warden as a respondent.

Accordingly, I recommend that the Court dismiss the petition because the Warden is not the

proper respondent. I also recommend that the Court deny as moot the Government's Motion to Show Cause.

## IV. RECOMMENDATION

For the reasons set forth above, I RECOMMEND that the Court DISMISS the petition (ECF No. 1) because the Warden is not the proper respondent. I also recommend that the Court DENY AS MOOT the Government's Motion to Show Cause (ECF No. 6).

Dated: August 19, 2026

*/s Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of

the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).